UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS KING,                                    Case No. 09-10001

            Plaintiff,                          Patrick J. Duggan
                                                United States District Judge

vs.

                                                Michael Hluchaniuk
T. BELL,                                        United States Magistrate Judge

            Defendant.

_____/

**REPORT AND RECOMMENDATION**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 13)**

## I.      PROCEDURAL HISTORY

This is a prisoner civil rights action filed on October 1, 2008 in the District Court for the Western District of Michigan. (Dkt. 1). This matter was transferred to this Court via order dated December 29, 2008. (Dkt. 2). In his complaint, plaintiff alleges that his due process rights were violated when a two member panel denied him parole, instead of the three member panel required by law. Plaintiff also challenges the "false statement" made in his "personal history" that he has a history of substance abuse. Plaintiff asks the Court to either grant him parole or grant him judgment against defendant, Thomas Bell, the warden of the prison at which he is incarcerated, in the amount of $9,000. (Dkt. 1)

Defendant filed his motion for summary judgment on March 10, 2009.  (Dkt. 13).  On March 17, 2009, District Judge Patrick J. Duggan referred this matter to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B).  (Dkt. 14). The Court ordered plaintiff to respond by April 13, 2009.  (Dkt. 15).  Plaintiff moved to extend the time to respond on April 3, 2009.  (Dkt. 17).  The Court granted plaintiff's motion to extend and set a deadline of May 28, 2009 for plaintiff's response.  (Dkt. 18).  Plaintiff filed his response on April 20, 2009.  (Dkt. 19).  This matter is now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that the Court **GRANT** defendant's motion for summary judgment.

## II.     ANALYSIS AND CONCLUSIONS

### A.     Standard of Review

Summary judgment is appropriate under Rule 56(b) "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c).  In *Copeland v. Machulis*, 57 F.3d 476, 478-79 (6th Cir. 1995), the court stated the standard for deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the non-moving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

A genuine issue of material fact exists only when, assuming the truth of the non-moving party's evidence and construing all inferences from that evidence in the light most favorable to the non-moving party, there is sufficient evidence for a trier of fact to find for the non-moving party. *Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006).

Rule 56 limits the materials the Court may consider in deciding a motion under the rule: "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits." *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995) (citation omitted). Moreover, affidavits must meet certain requirements:

> A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be

> supplemented or opposed by depositions, answers to
> interrogatories, or additional affidavits.

Fed.R.Civ.P. 56(e)(1).  In accordance with Rule 56(e), the Sixth Circuit has held

"that documents submitted in support of a motion for summary judgment must

satisfy the requirements of Rule 56(e); otherwise, they must be disregarded."

*Moore v. Holbrook,* 2 F.3d 697, 699 (6th Cir. 1993).  Thus, in resolving a Rule 56

motion, the Court should not consider unsworn or uncertified documents, *id.*,

unsworn statements, *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 968-969

(6th Cir. 1991), inadmissible expert testimony, *North American Specialty Ins. Co.

v. Myers*, 111 F.3d 1273, 1280 (6th Cir. 1997), or hearsay evidence, *Hartsel v.

Keys*, 87 F.3d 795, 799 (6th Cir. 1996); *Wiley v. United States*, 20 F.3d 222,

225-226 (6th Cir. 1994).  *See Tolliver v. Federal Republic of Nigeria*, 265

F.Supp.2d 873, 879 (W.D. Mich. 2003), or uncertified and unsworn police reports.

*Fox v. Michigan State Police Dep't*, 173 Fed.Appx. 372, 2006 WL 456008 (6th

Cir. 2006) ("[P]olice reports, which were neither sworn nor certified, were not

properly authenticated and were therefore inadmissible in evidence.").  Thus, "[a]

party opposing a motion for summary judgment cannot use hearsay or other

inadmissible evidence to create a genuine issue of material fact."  *Id.*, quoting,

*Sperle v. Michigan Dept. of Corrections*, 297 F.3d 483, 495 (6th Cir. 2002) (citation and quotation marks omitted).

    B.    <u>Exhaustion of Administrative Remedies</u>

In making a claim under § 1983, a prisoner-plaintiff must first comply with an available administrative procedure in the prison.  42 U.S.C. § 1997(e)(a). *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2384-85 (2006).  The failure to exhaust administrative remedies is an affirmative defense that must be raised and proved by a defendant.  *Jones v. Bock*, 549 U.S. 199 (2007).

A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process.  *See Porter v. Nussle*, 534 U.S. 516, 520 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001); *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999).  In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules.  *Jones, supra*; *Woodford*, 548 U.S. at 126. "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 127 S.Ct. at 922-23.

The Michigan Department of Corrections (MDOC) has a three step grievance process, which requires a prisoner to exhaust all three steps of the grievance process. (Dkt. 13-3). *See e.g. Strodder v. Caruso*, 2007 WL 2080416, *9 (E.D. Mich. 2007). Failure to appeal through Step III violates the mandate of *Woodford*. *See e.g. Baker v. Vanderark*, 2007 WL 3244075, *17 (W.D. Mich 2007). In this case, defendant argues that plaintiff's complaint should be dismissed because he failed to exhaust his administrative remedies. (Dkt. 13). Specifically, defendant asserts that plaintiff failed to exhaust because the MDOC has no records of any Step III grievance appeal filed by plaintiff relating to the claims in this case. In support of his argument, defendant offers an affidavit from James Armstrong, the Manager of the Grievance and Appeals Section of the Michigan Department of Corrections. (Dkt. 13-4). According to Mr. Armstrong, when a Step III grievance is received, it is date-stamped by clerical staff and entered into the MDOC database. (Dkt. 13-4). Mr. Armstrong searched the MDOC grievance database and found no Step III grievance appeals "related to the claims made against Warden Thomas Bell" and no Step III grievances "filed regarding the claims made by the plaintiff against the defendant." (Dkt. 13-4).[1] In his response to the motion

---

[1] Defendant neither argues nor asserts that plaintiff did not file any grievance relating to the claims at issue in this case. Rather, the exhaustion argument is limited to the unrebutted evidence that no grievance has been completely

for summary judgment, plaintiff neither addresses the exhaustion issue nor

provides any evidence to rebut defendant's evidence that he failed to exhaust.

(Dkt. 19).  Under these circumstances, where defendant has offered admissible

evidence showing that plaintiff did not exhaust his administrative remedies, the

undersigned suggests that defendant's motion for summary judgment based on

plaintiff's failure to exhaust should be granted.

     C.    <u>Due Process</u>

Defendant also argues that summary judgment in his favor is appropriate

because he lacked personal involvement in the events underlying plaintiff's claim.

Plaintiff asserts that the warden is the only appropriate defendant in this case and

cites *Edwards v. Johns*, 450 F.Supp.2d 756, 757 (E.D. Mich. 2006), along with 28

U.S.C. § 2254, both of which relate to habeas corpus petitions.  Plaintiff has not

filed a habeas corpus petition.  Rather, he has filed a claim for a violation of his

constitutional due process rights.  Plaintiff cannot, however, avoid the

requirements applicable to habeas petitions by filing a civil rights action.

In *Wilkinson v. Dotson*, 544 U.S. 74 (2005), the Supreme Court reviewed the

exceptions to the habeas-bar, stating:

---

exhausted by plaintiff through Step III of the MDOC's grievance process, which is,
of course, required under *Woodford* and *Jones*.

> These cases, taken together, indicate that a state
> prisoner's § 1983 action is barred ...--no matter the relief
> sought (damages or equitable relief), no matter the target
> of the prisoner's suit (state conduct leading to conviction
> or internal prison proceedings)--if success in that action
> would necessarily demonstrate the invalidity of
> confinement or its duration.

*Id*. at 81-82.  Applying this rule, the Court concluded that the plaintiffs' challenges

to parole procedures could proceed under § 1983 because they did not

automatically imply shorter sentences.  *Thomas v. Eby*, 481 F.3d 434, 439 (6th Cir.

2007), citing, *Wilkinson*.  Instead, the best outcome that one of the *Wilkinson*

plaintiffs could obtain was a "new eligibility review, which will speed

consideration of a new parole application."  *Thomas*, 481 F.3d at 439, quoting,

*Wilkinson*, 544U.S. at 82.  Thus, the Sixth Circuit concluded that *Wilkinson*

"establishes that when the relief sought in a § 1983 claim has only a potential

effect on the amount of time a prisoner serves, the habeas bar does not apply."

Here, plaintiff asks the Court to release him or award money damages.  To the

extent he requests release, the relief sought does not merely have a "potential"

effect on the amount of time plaintiff serves and the habeas bar is applicable.

To the extent plaintiff seeks money damages, the undersigned suggests that

plaintiff has failed to state a viable claim for violation of procedural due process.

A plaintiff bringing a § 1983 action for violation of procedural due process must

show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Maisono v. Morgel*, 2008 WL 559550, *5 (E.D. Mich. 2008), citing, *Michael v. Ghee*, 498 F.3d 372, 377-378 (6th Cir. 2007). A Fourteenth Amendment procedural due process claim depends on the existence of a constitutionally cognizable liberty or property interest with which the state has interfered. *Maisono*, at *5, citing, *Kentucky Dep't. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). However, the Sixth Circuit has noted that "there is no constitutional or inherent right of a convicted person to be conditionally released [e.g., paroled] before the expiration of a valid sentence." *Michael*, 498 F.3d at 377-378, quoting, *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979), and there is no federal constitutional right to parole. *Maisono*, at *5, citing, *Gavin v. Wells*, 914 F.2d 97, 98 (6th Cir. 1990); *Sweeton v. Brown*, 27 F.3d 1162 (6th Cir. 1994). As further noted in *Maisono*, the state of Michigan has not created a liberty interest in parole eligibility, as it has a completely discretionary parole system. *Id*. at *5, citing, *In re Parole of Johnson*, 235 Mich.App. 21, 596 N.W.2d 202 (1999) (per curiam); *Juarez v. Renico*, 149 F.Supp.2d 319, 322-323 (E.D. Mich. 2001) ("[T]he expectancy of release upon parole is not a constitutionally protected interest where the state holds out 'no more than a mere hope that the benefit will be obtained.'"). Therefore, the undersigned

suggests that plaintiff does "not have a sufficient liberty interest in his future parole release to be entitled to due process in his parole release proceedings," and his claim for money damages for an alleged due process violation must fail. *Maisono*, at \*5, quoting, *Sharp v. Leonard*, 611 F.2d 136, 137 (6th Cir. 1979).

In light of foregoing conclusions, the undersigned suggests that the arguments raised by defendant regarding Eleventh Amendment and qualified immunity need not be addressed.

## IV.   RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the Court **GRANT** defendants' motion for summary judgment.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 10 days of service, as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829

F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 10 days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: November 4, 2009                    s/Michael Hluchaniuk
                                          Michael Hluchaniuk
                                          United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

I certify that on November 4, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Allan J. Soros</u>, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant: <u>Dennis King, # 364418, ALGER MAXIMUM CORRECTIONAL FACILITY, Post Office Box 600, Munising, MI 49862</u>.

s/James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7850
pete_peltier@mied.uscourts.gov

Report and Recommendation
Defendant's Motion for Summary Judgment
*King v. Bell*; 09-10001